**AMERICAN TRADING AND PRODUCTION CORPORATION, etc., et al.,**
Plaintiffs,

v.

**FISCHBACH & MOORE, INC., etc., et al.,**
Defendants.

No. 68 C 1308.

United States District Court
N. D. Illinois, E. D.

April 7, 1969.

John P. Gorman, John J. Witous and Richard C. Clark, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for plaintiffs.

Roger W. Barrett, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., for defendant Fischbach & Moore, Inc.

Michael A. Coccia, Baker & McKenzie, Patrick S. Filter, Carey, Filter, Murray & White, and Gordon R. Close, Lord, Bissell & Brook, Chicago, Ill., for defendant Fischbach and Moore Electrical Contracting Inc.

## MEMORANDUM OPINION

DECKER, District Judge.

Exhibitors at the 1967 National Housewares convention, twelve plaintiffs seek damages for the fire which destroyed McCormick Place in January 1967. Defendants were allegedly negligent and/or willfully indifferent in their handling of the electrical wiring. Pursuant to F.R.Civ.P. 23, plaintiffs now request an order that the suit may be maintained as a class action on behalf of the approximately 1,200 exhibitors at McCormick Place. Since a class action is an orderly and efficient way to dispose of the numerous claims which will inevitably arise from the fire, I grant the plaintiffs' motion.

### I. Prerequisites

The four prerequisites specified in Rule 23(a)[1] are easily satisfied. First, joinder of all 1,200 class members is impracticable. See, *e. g.*, Brennan v. Midwestern United Life Ins. Co., 259 F. Supp. 673, 683 (N.D.Ind.1966); Clemens v. Central R. Co. of N.J., 264 F. Supp. 551, 562 (E.D.Pa.1967). Second, since all of the exhibitors suffered losses as a result of the same fire, there are questions of law or fact common to the class.

Third, the claims of the representative plaintiffs are typical of those of the class. All exhibitors, including the plaintiffs, stand in the identical position with respect to the following issues: (1) the origin of the fire, (2) the parties responsible for causing it, and (3) the legal liability of the defendants for the damage. *Compare* Collins v. Bolton, 287 F.Supp. 393, 397 (N.D.Ill.1968); Siegel v. Chicken Delight, Inc., 271 F.Supp. 722, 726–727 (N.D.Cal.1967).

Finally, the representative plaintiffs will fairly and adequately protect the interest of the class. Since the twelve named plaintiffs apparently lost more than $200,000 in the fire, they may be expected to pursue the case diligently and thoroughly. Defendants do not question the technical competency of plaintiffs' attorneys. They have already conducted an investigation of the events surrounding the conflagration.[2]

### II. Additional Requirements

Having satisfied the prerequisites of section 23(a), plaintiffs must also comply with subsection (b)(3)[3] which re-

---

1. "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

2. Claiming that plaintiffs cannot adequately represent the class, defendants stress plaintiffs' failure to join a potential defendant. But, under Illinois law, a tort plaintiff need not sue all possible defend-

ants. See, *e. g.*, Curtis v. Gedman, 338 Ill.App. 463, 87 N.E.2d 865 (2nd Dist. 1949). Moreover, if defendants believe other parties are liable to them for the fire, they may implead them as third party defendants under F.R.C.P. 14.

3. "(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\*   \*   \*   \*   \*

"[b] (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other

quires that (1) common questions of law or fact predominate over issues affecting only individual members, and (2) a class action is superior to other available methods for a fair and efficient adjudication of the controversy.

A class action is superior to other available methods of adjudication. There are apparently no other lawsuits now in progress nor would other actions be delayed by a class action. A class suit will avoid the duplication of judicial effort and will prevent separate actions from reaching inconsistent results with identical facts. See Fischer v. Kletz, 41 F.R.D. 377 (S.D.N.Y. 1966). Furthermore, the amounts at stake for some of the exhibitors may be so small that separate suits would be impracticable. See Escott v. Barchris Const. Corp., 340 F.2d 731, 733 (2nd Cir. 1965); Advisory Committee's Note to Proposed Rule 23, 39 F.R.D. 98, 104 (1966). Similarly, concentration of the litigation in the Northern District of Illinois is desirable because the fire occurred here and the witnesses reside here. Moreover, since the identity of the class is known and each class member will receive individual notice,[4] no significant judicial management difficulties are expected. Once the parties are notified, the court will know which members desire to be bound by the judgment, thus revealing the potential magnitude of the litigation. See Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452 (E.D. Pa.1968).[5]

Finally, common questions of law and fact overshadow issues affecting only individual members. Each exhibitor brought merchandise to McCormick Place, erected display booths, and sustained a loss. For each, identical evidence will be required to establish the fire's origin, the parties' responsibility, and proximate causation. See, e. g., Hohmann v. Packard Instrument Co., 399 F.2d 711, 715 (7th Cir. 1968). See also Snyder v. Board of Trustees of University of Illinois, 286 F.Supp. 927 (N.D.Ill.1968). The only issue distinguishing the class members is the amount of damages sustained. *Compare* Dolgow v. Anderson, 43 F.R.D. 472, 490 (E.D.N.Y.1968), where the court stated that "common issues need not be dispositive of the entire litigation."

Since *common questions predominate*, a class action may be maintained. Individual members of the class will, however, be required to present evidence of their particular damages. See F.R.C.P. 23(c) (4);[6] see, e. g., Brennan v. Midwestern United Life Ins. Co., 259 F.

available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

4. The notice which will be sent to the class will, of course, be framed so there is no solicitation of claims. See Advisory Committee's Note to Proposed Rule 23, 39 F.R.D. 98, 107 (1966).

5. Relying upon F.R.C.P. 42(a), defendants argue that consolidation is preferable to a class action. Since there are no other pending suits by exhibitors, however, that rule is inapplicable.

Other methods of adjudicating the claims, such as permissive joinder, intervention, and the use of a "test" case are not satisfactory. There is no assurance in any of these methods that all members of the class will be notified of the proceedings.

6. Compare Advisory Committee's Note on Proposed Rule 23, 39 F.R.D. 98, 106 (1966):

"This provision recognizes that an action may be maintained as a class action as to particular issues only. For example, in a fraud or similar case the action may retain its "class" character only through the adjudication of liability to the class; the members of the class may thereafter be required to come in individually and prove the amounts of their respective claims."

Supp. 673 (N.D.Ind.1966); Iowa v. Union Asphalt and Roadoils Inc., 281 F.Supp. 391 (S.D. Iowa 1968).

*III. Conclusion*

Rule 23(a) specifies four prerequisites for a class action, each of which is easily satisfied. The contentions of the representative plaintiffs are typical of the claims of the numerous class members. Since all exhibitors share an identical position with respect to the crucial issues in the case, plaintiffs will adequately protect the class' interests. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. It will minimize the proliferation of lawsuits which would otherwise result from the 1967 McCormick Place fire. Furthermore, with respect to liability for the conflagration, questions of law and fact common to the members of the class predominate over any issues affecting only individual members.

Accordingly, I have entered an order today declaring that the litigation may be maintained as a class action. The court will provide individual notice to all members of the class who can be identified and located.