Petition of Glenda GABEL in her individual capacity and as Guardian Ad Litem of Julie M. Gabel and Tamara J. Gabel, minors, to Perpetuate Testimony for Themselves Individually and on Behalf of a Class.

Glenda GABEL, individually, et al., Plaintiffs,

v.

HUGHES AIR CORP., d/b/a Air West and Hughes Air West, Defendant.

Glenda GABEL, individually, et al., Plaintiffs,

v.

The UNITED STATES of America, and Lt. Christopher E. Schiess, Defendants.

Civ. A. Nos. 71–1431–PH, 71–1595–PH and 72–1–PH.

M.D.L. No. 106.

United States District Court, C. D. California.

Oct. 12, 1972.

See also D.C., 350 F.Supp. 612.

Robert L. Meyer, U. S. Atty., and James Stotter, II, Asst. U. S. Atty., Los Angeles, Cal., for United States.

Vincent H. D. Abbey, Seattle, Wash., Belcher Offices, Los Angeles, Cal., Bronson Offices, Lawrason Driscoll, San Francisco, Cal., Butler Jefferson & Fry, Hart & Mieras, Lawler, Felix & Hall, Loeb & Loeb, Los Angeles, Cal., Vincent Pettit, Inglewood, Cal., Garth S. Pincock, Pocatello, Idaho, Prince Offices, Ray Quinney & Nebeker, Salt Lake City, Utah, Eugene J. Craig, Seattle, Wash., Jay H. Davison, Covina, Cal., Demanes & Sanders, Burlingame, Cal., Irving S. Feffer, Los Angeles, Cal., Feist, Vetter, Knauf & Loy, Oceanside, Cal., Offices of Ned Good, Goodman, Hirschberg & King, Magana & Cathcart, Margolis Offices, John T. McTernan, Los Angeles, Cal., Miller Offices, Long Beach, Cal., Aaron P. Moss, Van Nuys, Cal., Arthur H. Nielsen, Salt Lake City, Utah, Oliver Offices, Richard L. Oliver, Los Angeles, Cal., Ben Peterson, Pocatello, Idaho, Roberts, Poole & Robson, Theron P. Roberts, Boise, Idaho, Jerry N. Roth, Beverly Hills, Cal., Lloyd E. Somogyi, San Luis Obispo, Cal., Sonenshine & Armstrong, Newport Beach, Cal., Walkup Offices, Terence J. O'Reilly, San Francisco, Cal., for plaintiffs.

## MEMORANDUM AND ORDER RE CLASS ACTION

PEIRSON M. HALL, District Judge.

On February 23, 1972 the plaintiffs filed a motion that the above three actions, which had been severed as to damages and consolidated on the issue of liability alone, be maintained as class actions, the class to consist of all persons having a right to be compensated in damages as a result of any passenger killed in the June 6, 1971 collision between an Air West DC–9 jet liner, Flight 706, out of Los Angeles and a United States military jet near Duarte, California.

All the passengers, 44, of Air West plane and all the crew, 5, were killed as well as the pilot of the military jet, for

Lord Bissel & Brook, Chicago, Ill., and Shield & Smith, Los Angeles, Cal., for Hughes Air Corp.

a total of 50 deaths. The co-pilot of the military jet parachuted to safety and is a defendant with the United States in case No. 72–1. 71–1595 is a suit against Air West to which is filed a motion to dismiss. Concurrently herewith a Memorandum and Order is filed denying the motion to dismiss.

Each of the complaints in the three above actions was filed as a class action. No. 71–1431 was a petition to preserve testimony filed on June 16, 1971 and it was granted. Discovery began by way of depositions, inspection and deposit of documents and things, and continued except for an interruption alluded to in the Order filed October 5, 1972, a copy of which is set forth in the margin.[1]

As other suits were filed in this court each was severed as to liability only under F.R.Civ.P. 42(b), and consolidated on that issue with the above cases and with each other under F.R.Civ.P. 42(a). In passing it is noted that F.R.Civ.P. 23 by subdivision (c)(4)(A) provides for class actions to be maintained as to par-

I. CIVIL ACTIONS #71–1431–PH
#71–1595–PH
#72–1–PH

ORDER TO FILE COMPLETE
TERMS OF STIPULATION

The aircrash involved in the above cases occurred on June 6, 1971, taking 50 lives. Later that month the above case No. 71–1431 was filed for the purpose of preserving testimony under F.R. Civ.P. 27. The Court ordered the commencement of depositions and production of documents in that case, and as other cases were filed arising from that crash, they were consolidated on the question of liability only with the proceeding to preserve testimony, No. 71–1431, and with each other.

Hughes Air West, the common carrier involved, was a defendant in all cases filed, and the United States, operator of the colliding military jet, was the defendant in some cases and was a prospective defendant in all cases as soon as the statutory six months' period expired as to each claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671–2180.

Discovery was proceeding with the taking of depositions and the deposit of documents and things in court when, on April 12, 1972, counsel for Air West and the United States presented the Court with a stipulation requesting the then continuing and set depositions be delayed because the two defendants had arrived at a percentage contribution of settlement and that the defendants would diligently and in good faith attempt to settle all claims arising from said crash.

In reliance thereon the Court approved the stipulation and stayed discovery in the belief that it would save the plaintiffs in all death cases, as well as the defendants, the very heavy cost in money, time and effort required to make and complete discovery on the question of liability.

At the expiration of the stay, but few cases had reached any agreed amount of settlement and but few have since been indicated to be in a position for settlement. The discovery on liability was resumed.

Recently the Court inquired of counsel for Air West if the stipulation applied to *all* cases even after they reached the judgment status. Counsel advised that he felt obliged not to reveal the complete terms of the stipulation because of agreement not to do so with the United States. If the defendants have agreed upon the division of payment in case of judgment, then the plaintiffs have been put to useless expense and labor and effort in getting and making further discovery on liability, as all that would then remain in issue would be the amount of damages in each case, which can be tried quickly. (About one and one-half to two days is usually all that is required on the trial of damages, whereas the trial of liability takes from eight to fifteen weeks.) Moreover, if such is the case, the Court has been imposed on.

Now, therefore, in the interest of justice, and good cause appearing,

IT IS HEREBY ORDERED that counsel for the United States or counsel for Air West, the defendant, shall on or before the *16th* day of *October*, 1972, file with the Court for public record in the above-entitled consolidated matter the complete terms of the agreements and stipulations had between Air West and the United States upon which said stipulation of April 12, 1972 was based.

Failure to comply with this Order will invite the imposition of sanctions upon counsel.

Dated: This *5th* day of *October*, 1972.

/s/ Peirson M. Hall

PEIRSON M. HALL

UNITED STATES DISTRICT JUDGE

ticular issues. In the second *Weiner* case (United Air Lines, Inc. v. Weiner, 9 Cir. 1964, 335 F.2d 379), the Court adopted as its opinion the opinion of the trial court granting summary judgments on the question of liability (United States v. United Air Lines, D.C., 1962 216 F.Supp. 709–718–732), and holding it proper to try damages to a jury separate from liability; thus, in effect, over-ruling that Court's previous holding in the first *Weiner* case (286 F.2d 302, 9 Cir. 1961) to the effect that liability *and damages* could not be tried separately.

The case has in fact been conducted as a class action on the issue of liability. Since the filing of the first above-numbered case, notice has been given by plaintiffs' counsel and the Clerk by sending copies of all pleadings, motions and documents, orders of the Court, notices of depositions and continuances thereof filed in the above three cases to all of the decedents' heirs and next of kin as contained on a list furnished by Air West and to the counsel for each of them where the identity of counsel was known. 66 suits have been filed, and there are 31 sets of plaintiffs' lawyers appearing.

The Court, mistakenly, deferred decision on the question of class action in the hope that settlements would be promptly made at least as to all passengers, thus saving the tremendous burden of time, money and energy of those unfortunate enough to be the heirs or next of kin of the decedent passengers, which would leave to Air West and the United States the burden of litigating between them the cause of the crash and which one of the two should pay not only damages, if any, for the deaths occurring, but the property loss involved in the destruction of the planes. But that has not happened. And, moreover, the dis-

covery has become particularly onerous and lengthy because of the obfuscating resistance of the United States to every motion and testimony of Government employees which the petitioners herein have made, or caused to be made, to effectuate discovery. The Ninth Circuit in City of Inglewood, et al. v. City of Los Angeles, 451 F.2d 948 (1972), approved the holding in Phila. Elec. Co. v. Anaconda, et al., 42 F.R.D. 324, at 326 (E.D.Pa.1967), that an action filed as a class action must be assumed to be one for the purposes of dismissal or compromise, until a contrary holding is made under 23(c)(1). There is no reason why such assumption should not be made for all purposes. The orders of consolidation on the issue of liability and complete notices to all were made as extra precautions to preserve due process to all litigants. The parties are entitled to a determination under F.R.Civ.P. 23(c)(1) without further delay.

The Court is of the view that, notwithstanding some cases to the contrary and notwithstanding the suggestion in the notes of the advisory committee that class actions should not be used in Tort cases, the plain language of F.R.Civ.P. 23 was devised for just such a situation as this. If that rule was not intended to cover Tort actions or death actions in crash cases, or any kind of a mass Tort, it would have been simple enough to have said so in the text of the rule. But the rule is very broad in its language so as to permit the courts to eliminate repetitive and burdensome litigation and to eliminate in mass Tort cases the situation which existed for so many years in patent cases, for instance, where suits were filed in as many as 10 Districts for infringement, even after the patent had been held invalid after trial, affirmation on appeal and denial of certiorari by the Supreme Court.[2]

2. It should be noted that, in 33 years on the bench, liability in aircrash cases, where everyone is killed, is probably more difficult to prepare for and to try than any other type of case. This is so because the plaintiffs and their lawyers must literally prove liability "out of the defendants' mouths." The lawyers require not only the highest degree of skill, legally and technically, but also are required to have a financial ability to advance costs, which in most cases run into the thousands of dollars, and final adjudication seems to take years.

## DECLARATORY RELIEF

One count of the complaint against the United States seeks relief under the Declaratory Judgment Act requiring consideration before further discussion of the class action.

" § 2201. *Creation of remedy*

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

" § 2202. *Further relief*

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

■ There are cases denying declaratory relief in Tort actions, but they overlook the broad sweep of the language of two sections. No plainer language could be designed for the situation existing here. 50 people were killed. One unitary set of facts will determine the cause of the crash and the extent of the liability therefor of the United States and of the carrier Air West and of the defendant Schiess. Of course, different sets of facts will determine the amount of damages to each plaintiff in the actions. When liability is adjudicated, damages will be determined by the U.S. District Courts sitting in the different states where the suits have been filed, 9 in Utah, 2 in Washington state, 1 in Idaho, and 1 in the District of Columbia. But the *right* of each member of the class of passengers' survivors to recover will be established by a common set of facts as opposed to a peculiar and different set of facts applicable to amount of damages of each different plaintiff in the class.[3]

By its plain language the Act was intended to permit the declaration of the "rights and other legal relations of any interested party." It cannot be denied that the plaintiffs are "interested" parties; nor can it be denied that the determination of liability would be a determination of the "rights and legal relations" between the plaintiffs and the defendants, the United States, Air West, and Schiess; nor can it be denied that one "nucleus of operative facts" will determine those rights and legal relations.[4]

As near as I can learn from the text of over 50 reported cases involving air-crashes resulting in the death of a total of about 600 people, the time lapse from the date of the crashes to date of the last *reported* decision arising from that particular crash runs from 3 to 13 years; only 10 were less than 5 years; many as long as 8, 9 or 10 years. And it is by no means certain that the last reported decision means the end of the litigation arising out of that crash.

The outlay of money for costs is important to survivors of the decedent, especially widows and children, but everything should be done to eliminate or reduce the delays in substituting money damages for the irreplaceable father or husband.

One counsel advises that in a recent case his firm was required to advance over $40,000 in the preparation and trial of the plaintiff's crash case.

In one aircrash case tried before me, the decedent left a widow with three children and one more born after the crash. It took 8 years before a judgment became final and was paid. Thus a 14 year old boy was 22 years old when the widow received the money damages for the husband. The critical period when it was needed most had passed. Justice delayed is justice denied, was never truer than in this type of case.

3. Vasquez v. Superior Court (1971), 4 Cal.3d 800, 94 Cal.Rptr. 796, 484 P.2d 964, presents an excellent discussion of class actions generally.

4. This is also true as between the defendants United States and Air West which have impleaded each other for hull damages and for contribution of money paid or to be paid on death claims.

The sole question to be determined under the Declaratory Relief statute is the matter of whether or not liability exists. Plainly the language of the statute contemplates that if such liability is declared, then "further necessary or proper relief * * * may be granted"; that is to say, damages.

There is but one "common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715–725, 86 S.Ct. 1130, 16 L.Ed.2d 218. There was a single wrongful invasion of a single primary right of the plaintiffs. Whether the acts constituting such invasion were one or many, simple or complex, is immaterial. See also Astor-Honor, Inc. v. Grosset & Dunlap, Inc. (2 Cir. 1971), 441 F.2d 627, and Hipp v. United States (E.D.N.Y.1970), 313 F.Supp. 1152. The commonality of proof required makes the suit against Air West and the United States but one constitutional "case." And joinder of parties is not to be treated differently than joinder of issues. *United Mine Workers, supra,* and *Hibbs, supra.*

While the court in Penn. R. R. Co. v. United States (Dist. of N.J.1953), 111 F.Supp. 80, in the exercise of its discretion declined declaratory relief, nevertheless the court said, and I adopt its reasoning, as follows: [5]

> "Here, because of the unusual nature of the circumstances, the plaintiff has seen fit to request initially a judgment declaring 'the rights and other legal relations of the parties to this suit, as well as all persons, firms and corporations who suffered damages as a result of the explosion at South Amboy on May 19, 1950, as between themselves and each other.' If successful against the United States, the plaintiff intends to assert its right to whatever money damages it believes it is entitled, 28 U.S.C. § 2202; Texasteel Mfg. Co. v. Seaboard Surety Co., 5 Cir., 1946, 158 F.2d 90, certiorari denied, 1947, 331 U.S. 828, 67 S.Ct. 1350, 91 L.Ed. 1843. Such a course is within the scope of the waiver of immunity of the Tort Claims Act, for the government is in no different position from that in which it would be placed were the plaintiff to seek damages immediately, without prior resort to a declaratory judgment as to it."

In view of the fact that permitting declaratory relief is discretionary, and that the suits arising from this crash are pending in 4 different jurisdictions besides this one with possible different results, it would be an abuse of discretion not to permit this action to go to judgment on the count of declaratory relief. The transfer to this district under the Multidistrict Litigation Act, 28 U.S. C. § 1407, it must be remembered, is *only* for discovery, *not adjudication on the merits.* That transfer under 1407 of Title 28 contemplates freedom to determine the class action question, is demonstrated by paragraph 1.0(k) of the Manual for Complex and Multidistrict Litigation.

## CLASS ACTION

The 4 prerequisites to a class action are present here.

1. There were 44 deaths of passengers. Those claiming to be entitled to recover because of said deaths number in excess of 100 according to the complaints on file; there are more than 30 sets of lawyers representing the plaintiffs, each considering himself competent. While by consolidating cases on the issue of liability as they were filed and designating a lead counsel, and requiring notice to all other counsel, and permission to all other counsel to participate in discovery, progress has been made, it is nevertheless impracticable to try this case on the issue of liability with that many counsel participating in a consolidated trial.

2. That the questions of law and fact as to liability are common to each of the 44 passengers cannot be gainsaid.

3. Nor can the fact that the claims as to liability are typical of the claims

---

5. See also Borchard, Declaratory Judgments (2d Ed. 1941), p. 378.

of all of the plaintiffs, and likewise the defenses of the United States and of Schiess and of Air West are typical as each must rely upon the same set of operative facts.

4. The representative parties and their counsel will fairly and adequately represent the class. That they have done so to date is demonstrated not only by the diligence, but the thoroughness with which they have so far pursued and conducted discovery, the effect of which is further demonstrated by the offers of settlement which have been made.[6] That the fair and adequate representation of the class will continue in the future on the question of liability is assured by the exercise of this Court's power under F.R.Civ.P. 23(d), and the meetings of some of counsel for plaintiffs to select a representative committee of lawyers to actively conduct further proceedings.

Having found that the prerequisites of F.R.Civ.P. 23(a) are satisfied, the Court now finds in addition thereto that the prosecution of separate actions by the individual plaintiffs would create a risk of (1) inconsistent or varying adjudications on the question of liability, in which event there would be established incompatible standards of conduct for the defendants; (2) moreover, it is possible that adjudications with respect to individual suits by individual members of the class would, in case judgment went against that plaintiff, as a practical matter, be dispositive of the rights of other members of the class not party to the individual adjudication, so as to substantially impair or impede the ability of other members to protect their interests, by the application of the doctrine of *res judicata*.

Adjudications exonerating any one of the defendants would as a practical matter certainly impair or impede the ability of the other plaintiffs to recover against the defendant who might be exonerated. In fact, if the doctrine of *res judicata* were strictly applied in such an instance, it would not only impede or impair that ability, but deny it entirely.

Moreover, the United States has failed and refused to act on the claims of the plaintiffs filed under 28 U.S.C. § 2675 within the six months' period; and the Court, taking judicial notice of its own files and records in the other cases filed in this court arising from that aircrash, finds that there has been a similar failure or refusal by the United States to act on any of the claims for death in said crash in the pending cases where claims were filed under that section prior to suit. Such inaction makes it "appropriate (for) * * * corresponding *declaratory* relief with respect to the class as a whole."

Thus the requirements of F.R.Civ.P. 23(a) and 23(b)(1)(A), (B) and 23(b)(2) are satisfied.

The Court hereby determines and Orders that the within actions shall be maintained as class actions for declaratory relief, as to liability only, on behalf of all of those persons having a compensable interest as a result of the death of any passenger on the plane of Air West Flight 706 which crashed on June 6, 1971 near Duarte, California.

This will include those passengers, if there are any, who have filed a claim under 28 U.S.C. § 2675 and have not yet filed suit against the United States, as well as those who have not yet filed any claim against the United States under 28 U.S.C. § 2675.

It must be kept in mind that the six months' requirement is *only* if a claim is made for *money damages*, and that the cause of action here declared to be a class action is for declaratory relief as to liability only. 28 U.S.C. § 2201. The maintenance of a declaratory relief action contemplates "whether or not further relief is or could be sought." And

---

6. The claim of the Assistant United States Attorney that the discovery proceedings herein delayed settlement is preposterous in the light of the many litigated cases to which the United States is a party and in light of the experience of this Judge and others in similar litigation.

28 U.S.C. § 2202 specifically provides that "further necessary or proper relief \* \* \* may be granted," based on a declaratory judgment.

The Court pointed out in Philadelphia Electric Co. v. Anaconda (E.D.Pa., 1967), 42 F.R.D. 324, the use of the word "maintained" in 23(c)(1) is "some indication that the court is expected to determine what the lawsuit has always been, not what it is about to become." That is what this court is doing now. The conduct of the cases and the complete noticing of all procedures and motions and orders would have been no more than it has been if the determination was made on the day the suits were filed.

Those having a compensable interest as the result of death of the crew of the Air West plane may desire to be designated as a sub-class, as well as those having compensable interest as a result of the death of the pilot of the military jet. But no motion is before the Court to do so.

### APPENDIX A

(Listed in alphabetical order)

Alameda Oil Co. v. Ideal Basic Industries, Inc., 326 F.Supp. 98 (D.Colo. 1971);

Almenares v. Wyman, 453 F.2d 1075 (2 Cir. 1971);

American Trading & Prod. Co. v. Fischback & Moore, Inc., 47 F.R.D. 155 (N.D.Ill.1969);

Arkansas Ed. Assn. v. Board of Education, Portland, Ark. School Dist., 446 F.2d 763 (8 Cir. 1971);

Berman v. Narragansett Racing Assn., 414 F.2d 311 (1 Cir. 1969);

Burney v. North American Rockwell, 302 F.Supp. 86 (C.D.Cal.1969);

Cacares v. Int'l Air Transport Assn., 46 F.R.D. 89 (S.D.N.Y.1969);

City of Inglewood v. City of Los Angeles, 451 F.2d 948 (9 Cir. 1972);

Cortright v. Resor, 325 F.Supp. 797 (E. D.N.Y.1971); 447 F.2d 245 (2 Cir. 1971);

Cypress v. Newport News General & Nonsectarian Hospital Assn., 375 F. 2d 648 (4 Cir. 1967);

Demarco v. Edens, 390 F.2d 836 (2 Cir. 1968);

Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2 Cir. 1968);

Feder v. Harrington, 52 F.R.D. 178 (S. D.N.Y.1970);

Gatling v. Butler, 52 F.R.D. 389 (D. Conn.1971);

Gerstle v. Continental Airlines, Inc., 50 F.R.D. 213 (D.Colo.1970);

Haiduk v. Atlantic, etc. (D.C.Pa.1952), 31 F.R.D. 241;

Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9 Cir. 1964);

Hobbs v. Northeast Airlines, Inc., 50 F. R.D. 76 (E.D.Pa.1970);

Hohmann v. Packard Instrument Co., 399 F.2d 711 (7 Cir. 1968);

Management T. V. Systems v. National Football League, 52 F.R.D. 162 (E.D. Pa.1971);

Manning v. General Motors Corp., 14 F. R.Serv.2d 1083 (N.D.Ohio 1971);

Oatis v. Crown Zellerbach, 398 F.2d 496 (5 Cir. 1968);

Phillips v. Sherman, 197 F.Supp. 866 (N.D.N.Y.1961);

Rhodes v. Jones, 351 F.2d 884 (8 Cir. 1965);

Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970);

Robinson v. Lorillard, 444 F.2d 791 (4 Cir. 1971);

Sherwood v. United States, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941);

Siegel v. Chicken Delight, 271 F.Supp. 722 (N.D.Cal.1967);

Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969);

State of Maryland v. Capital Airlines, 267 F.Supp. 298 (D.C.Md.1967);

State of Utah v. American Pipe and Construction Co., 49 F.R.D. 17 (C.D. Cal.1969);

Towle v. Boeing Airplane Co., 364 F.2d 590 (8 Cir. 1966);

United States v. Cantrell, 307 F.Supp. 259 (E.D.La.1969);

United States v. United Air Lines, 216 F.Supp. 709 (D.Nev.1962);

Van Gemert v. Boeing Co., 259 F.Supp. 125 (S.D.N.Y.1966);

Vernon J. Rockler and Co. v. Graphic Enterprises, Inc., 52 F.R.D. 335 (D. Minn.1971);

Weingartner v. Union Oil Co. of Cal., 431 F.2d 26 (9 Cir. 1970);

Zachary v. Chase Manhattan Bank, 52 F.R.D. 532 (S.D.N.Y.1971).