523 F.2d 1083
 McDONNELL DOUGLAS CORPORATION, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF
CALIFORNIA,Respondent;
Geraldine L. FLANAGAN et al., Real Parties in Interest.
UNITED STATES of America, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF
CALIFORNIA,Respondent;
Geraldine L. FLANAGAN et al., Real Parties in Interest.
Geraldine L. FLANAGAN et al., Plaintiffs-Appellees,
v.
McDONNELL DOUGLAS CORPORATION, Defendant-Appellant.
Geraldine L. FLANAGAN et al., Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 Nos. 74-2639, 74-2679, 74-2663 and 74-2918.
 United States Court of Appeals,
Ninth Circuit.
 May 27, 1975.
Rehearing and Rehearing En Banc Denied Oct. 10, 1975.
 
 Joseph R. Austin, Los Angeles, Cal., for appellant.
 Peirson M. Hall, U. S. District Judge, for appellee.
 OPINION
 Before HUFSTEDLER and WALLACE, Circuit Judges, and SCHNACKE,* District Judge.
 WALLACE, Circuit Judge:
 
 
 1
 Flanagan v. McDonnell Douglas Corporation arises out of the crash of a DC-10 airplane near Paris, France. The named plaintiffs are next of kin of five of the 335 passengers who died in the crash. They brought this action for wrongful death against the McDonnell Douglas Corporation (McDonnell Douglas) and the United States, seeking compensatory and punitive damages and a declaration of defendants' liability. They also seek relief on behalf of all next of kin of passengers who died in the crash.
 
 
 2
 We have already considered an earlier order made by the district court in this litigation. In our consolidated opinion in Pan American World Airways, Inc. v. United States District Court, 523 F.2d 1073 (9th Cir. 1975), we held that the district court could not send notice to unnamed potential plaintiffs "unless and until the particular action involved is properly certified as a class action." Id. at 1081. While this prior case was pending on appeal, the district court certified Flanagan as a class action under subdivisions (b)(1) (A), (b)(1)(B) and (b)(2) of Rule 23 of the Federal Rules of Civil Procedure. McDonnell Douglas has filed a petition for mandamus to vacate this certification and to strike the class action allegations of the complaint. (No. 74-2639.) It has also sought to appeal from the certification. (No. 74-2663.) The government has done the same. (Nos. 74-2679, 74-2918.) We grant the petitions for mandamus insofar as they seek to vacate the class action certification. We dismiss the appeals as moot.
 
 
 3
 The district court found that a class action could be maintained under each of subdivisions (b)(1)(A), (b)(1)(B) and (b)(2) of Rule 23. None of these subdivisions permit certifications of a class whose members have independent tort claims arising out of the same occurrence and whose representatives assert only liability for damages. La Mar v. H & B Novelty & Loan Co., 489 F.2d 461, 465-67 (9th Cir. 1973). We reject the contrary holdings in Hernandez v. Motor Vessel Skyward, 61 F.R.D. 558 (S.D.Fla.1973), and Petition of Gabel, 350 F.Supp. 624 (C.D.Cal.1972), because they are inconsistent with our holding in La Mar and for other reasons which follow.
 
 
 4
 Subdivision (b)(1)(A) authorizes a class action when separate actions would create a risk of varying adjudications "which would establish incompatible standards of conduct for the party opposing the class." Fed.R.Civ.P. 23(b)(1) (A). The district court found this requirement was met in this case because if separate actions were maintained, defendants might be held liable in some actions but not in others. This conclusion is untenable. Admittedly, separate actions could reach inconsistent results and inconsistent resolutions of the same question of law might establish "incompatible standards of conduct" in the sense of different legal rules governing the same conduct. But subdivision (b)(1)(A) was not intended to permit class actions simply when separate actions would raise the same question of law. To hold otherwise would be to render superfluous the detailed provisions of subdivision (b)(3). Although the two subdivisions do not present mutually exclusive tests, neither does one entirely displace the other. We cannot read subdivision (b)(1)(A) so broadly that subdivision (b)(3) applies only to class actions already maintainable under subdivision (b)(1)(A).
 
 
 5
 Instead, the "incompatible standards of conduct" of subdivision (b)(1)(A) must be interpreted to be incompatible standards of conduct required of the defendant in fulfilling judgments in separate actions. See La Mar,supra, 489 F.2d at 466. In this case, a judgment that defendants were liable to one plaintiff would not require action inconsistent with a judgment that they were not liable to another plaintiff. By paying the first judgment, defendants could act consistently with both judgments. The declaratory relief sought by plaintiffs does not alter this conclusion. They seek only a declaration of liability. They have not specified, and we cannot discern, what obligations such a declaration would impose upon defendants that a judgment for damages would not.
 
 
 6
 Subdivision (b)(1)(B) permits class actions where individual actions might "as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed.R.Civ.P. 23(b)(1)(B). The district court found this requirement to have been met because of the complexity and expense of the litigation and the burdens upon defendants of multiple trials. This ruling is inconsistent with our holding in La Mar that class actions are permitted under subdivision (b)(1)(B) only if separate actions "inescapably will alter the substance of the rights of others having similar claims." La Mar v. H & B Novelty & Loan Co.,supra, 489 F.2d at 466-67. At worst, individual actions would leave unnamed members of the class with the same complexity and expense as if no prior actions had been brought. As for the rights of defendants, subdivision (b)(1)(B) is concerned only with the rights of unnamed class members, not with the rights of parties opposing the class. Id. At 466-67.
 
 
 7
 Subdivision (b)(2) authorizes class actions where
 
 
 8
 the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . .
 
 
 9
 Fed.R.Civ.P. 23(b)(2). The district court found the required inaction of defendants in the government's refusal to process claims filed with the FAA and in both defendants' opposition to notifying non-party potential plaintiffs of the actions before the court. Neither of these omissions is sufficient. We have already held that the district court could not issue notice to unnamed potential plaintiffs without first properly declaring a class action. Pan American World Airways, Inc. v. United States District Court, supra, 523 F.2d at 1078, 1079. The district court cannot circumvent this holding by finding opposition to notice to be sufficient grounds for a class action. The government's refusal to process claims filed with the FAA only represents a refusal to admit liability. A denial of liability, even to multiple plaintiffs, cannot form the basis for a class action. But wholly apart from these reasons, subdivision (b)(2) by its own terms does not apply to actions only for damages. Fed.R.Civ.P. 23(b)(2); Le Mar, supra, 489 F.2d at 466. As we have already pointed out, the declaratory relief sought by plaintiffs adds nothing to their claim for damages.
 
 
 10
 Despite the district court's erroneous certification of a class action, respondents (who were the plaintiffs below) contend that this case does not present the extraordinary circumstances necessary for issuance of mandamus. We disagree. While erroneous class action certifications may rarely be corrected by mandamus, General Motors Corp. v. City of New York, 501 F.2d 639, 648 (2d Cir. 1974); Interpace Corp. v. City of Philadelphia, 438 F.2d 401, 403-04 (3d Cir. 1971), the certification in this case constitutes a clear abuse of discretion sufficient to invoke this extraordinary writ, La Buy v. Howes Leather Co., 352 U.S. 249, 257, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 382-83, 74 S.Ct. 145, 98 L.Ed. 106 (1953). Not only is the district court's decision contrary to our holding in La Mar, it is also inconsistent with any tenable interpretation of Rule 23. We are also aware that the district court has reached an identical decision in a prior case. Petition of Gabel, 350 F.Supp. 624, 630 (D.C.Cal. 1972). Repeated errors of this magnitude in applying the Federal Rules of Civil Procedure may be corrected by mandamus. La Buy v. Howes Leather Co.,supra, 352 U.S. at 255-60, 77 S.Ct. 309, 1 L.Ed.2d 290; Will v. United States, 389 U.S. 90, 95-96, 99-107, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); See Schlagenhauf v. Holder, 379 U.S. 104, 109-12, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).
 
 
 11
 A writ of mandamus shall issue ordering the district court to vacate its certification of a class action under Rule 23(b)(1)(A), (b)(1)(B) and (b)(2) of the Federal Rules of Civil Procedure. The appeals shall be dismissed as moot.
 
 
 12
 It is so ordered.
 
 
 13
 SCHNACKE, District Judge, concurs in the result.
 
 ON SUGGESTION FOR REHEARING EN BANC
 
 14
 The full court has been advised of the suggestion for an en banc hearing. An active judge called for an en banc vote and a majority of the judges of the court has voted to reject the suggestion for rehearing en banc. Fed.R.App.P. 35(b).
 
 
 15
 Judge Ely did not participate in the consideration or disposition of the suggestion for en banc rehearing.
 
 
 16
 The suggestion for rehearing en banc is rejected.
 
 
 17
 CHAMBERS, WRIGHT and KENNEDY, Circuit Judges, dissenting from the refusal to rehear en banc.
 
 
 18
 We cannot say the decision in this case is contrary to prior decisions of this Court.
 
 
 19
 But the issue is of tremendous importance to the surviving dependents of the victims of air crashes, and the result is one that hurts them. We think we should take it en banc.
 
 
 20
 It will be interesting to have figures in the months to come on how the decision slows down speedy dispositions.
 
 
 
 *
 Honorable Robert H. Schnacke, United States District Judge, Northern District of California, sitting by designation