**Walter BENTKOWSKI et al.**

v.

**MARFUERZA COMPANIA MARITIMA, S. A., et al.**

Civ. A. No. 74–855.

United States District Court, E. D. Pennsylvania.

Feb. 12, 1976.

Richard A. Weisbord, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiffs.

Thomas L. Anderson, Rawle & Henderson, Philadelphia, Pa., for defendants.

## INTERIM MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court are plaintiffs' motions to direct notice to prospective members of a class and defendants' motion for a temporary stay of these proceedings.

Plaintiffs, alleged victims of food and/or water poisoning while on cruise aboard the RHMS "Ellinis," filed a complaint against the defendants based on several theories of liability and, additionally, sought to have the case certified as a class action pursuant to Fed.R.Civ.P. 23. Plaintiffs submit that the class is comprised of all those passengers aboard the "Ellinis" during a voyage commencing July 14, 1973, who suffered injuries or illness as a result of contaminated provisions sold or provided to the passengers.

On September 25, 1974, plaintiffs' motion for certification of a class was granted pursuant to Fed.R.Civ.P. 23 (b)(1)(A) and 23(c)(4)(A).[1] The class was certified solely on the issue of negligence of the defendants in preparing or making available to the passengers aboard the RHMS "Ellinis" contaminated food and/or water. In certifying the class specific reliance was placed upon the holding of *Hernandez v. Motor Vessel Skyward*, 61 F.R.D. 558 (S.D.Fla. 1974), aff'd 507 F.2d 1278 (5th Cir. 1975), [hereinafter *Hernandez*].

On February 21, 1975, the Court denied defendants' motions for decertification of the class, or in the alternative, certification of the issue to the Court of Appeals pursuant to 28 U.S.C. § 1292.[2] In the Court's opinion the issue of certification of the class did not present controversy sufficient to warrant appellate review at that time.

On January 12, 1976, plaintiffs filed a motion requesting that the Court direct that notice be given to potential members of the class.[3] Attached as exhibits to the motion (and proposed order) were a complete and accurate passenger list[4] and a proposal for the form of notice.

As previously noted the class in this case was originally certified pursuant to Rule 23(b)(1)(A). On February 3, 1976, at a conference in Chambers the Court redesignated[5] the class as maintainable under Rule 23(b)(3).[6] As a consequence, plaintiffs' proposed notice form was found to be deficient as it did not contain an "opt-out" provision as required in Rule 23(b)(3) class certifications. In all other respects the form of notice was found to be acceptable and it was tentatively approved subject to the inclusion of the opt-out provision. On February 4, 1976, plaintiffs submitted a revised notice form which complied with the

---

1. Document No. 12 in Civil No. 74–855 (E.D.Pa. filed September 27, 1974).

2. Document No. 20 in Civil No. 74–855 (E.D.Pa. filed February 21, 1975).

3. Document No. 29 in Civil No. 74–855 (E.D.Pa. filed January 12, 1976).

4. Plaintiffs had encountered some difficulties in obtaining a complete and accurate passenger list from defendants. After several attempts through discovery procedures were made by plaintiffs with no success, plaintiffs sought passenger information from the United States Customs Office. As a result of several discussions with officials from the United States Customs Office and a great deal of diligent effort by counsel for plaintiffs such information was finally supplied.

5. Document No. 30 in Civil No. 74–855 (E.D.Pa. filed February 3, 1976). By the same order defendants' second motion to decertify the class filed November 3, 1975, was denied.

6. A discussion of the reasons for the redesignation appears *infra*.

Court's instructions. Accordingly, an appropriate order will issue.

On February 5, 1976, defendants submitted to the Court a motion for a temporary stay of the proceedings for the purpose of seeking a writ of mandamus directed at the decision to certify the class. In pursuing such extraordinary relief defendants have placed primary reliance on the holding of *McDonnell Douglas Corp. v. United States District Court*, 523 F.2d 1083 (9th Cir. 1975) [hereinafter *McDonnell*], wherein a writ of mandamus issued ordering the district court to vacate an order certifying a class. After consideration of *McDonnell* and the circumstances surrounding the decision, the Court concludes that it is inapplicable to the instant situation.

The Court is aware that *McDonnell* specifically rejected the holding of *Hernandez* upon which this Court relied in certifying the present case. In so doing the Court in *McDonnell* relied in part on the holding in *La Mar v. H & B Novelty & Loan Company*, 489 F.2d 461 (9th Cir. 1973) [hereinafter *La Mar*]. The decisions of *La Mar* and *McDonnell* convincingly suggest that class actions arising out of "mass accidents" are not as a rule properly subject to certification on the basis of Fed.R.Civ.P. 23(b)(1)(A), (b)(1)(B), or (b)(2). Consequently, this Court reconsidered the certification of the class in the instant case, and recertified the class pursuant to Rule 23(b)(3). The decision in *McDonnell* does not directly address itself to the applicability of Rule 23(b)(3) to mass accident situations, but it apparently does adopt the reasoning of *La Mar* regarding Rule 23(b)(3) class actions. On this basis the Court turns its consideration to the holding of *La Mar*.

In *La Mar* a class action was sought by plaintiff on behalf of all pawnshop customers in the State of Oregon. The class action suit was instituted against all pawnbrokers licensed to do business under the laws of Oregon even though plaintiff had personally conducted business with only one of the pawnbrokers in the State.

Upon review, the Court of Appeals for the Ninth Circuit found two prerequisites under Fed.R.Civ.P. 23(a) to be lacking. First, under Rule 23(a)(3) the Court found that the claims of the representative plaintiff were not typical of the class on the basis that plaintiff sought to represent a class against a number of defendants, with respect to the overwhelming majority of whom, plaintiff had no claim, *La Mar, supra* at 465. It followed that under Rule 23(a)(4) plaintiff could not fairly and adequately protect the interests of the class. The Court found that this was the case because plaintiff would be representing the class against certain defendants with respect to whom other members of the class had a cause of action, but against whom the representative plaintiff had none, *La Mar, supra* at 465.

Contrary to these findings in *La Mar* the Court in the present matter finds the requirements of Fed.R.Civ.P. 23(a) to be satisfied. First, there are six hundred prospective class members. Thus, the class is so numerous that joinder of all the members is impractical. Second, there are questions of law and fact common to the class. Having certified the class solely on the issue of negligence any factors which would not comport with this requirement have been eliminated. Third, the claims of the plaintiff, as a representative party, are typical of the claims of the class. There is nothing in the nature of the case nor respecting the named plaintiffs or prospective class members which, particularly when considered in light of the claim to be resolved, indicates anything other than the typicality of plaintiffs' claim. Finally, the Court believes that the representative parties and their counsel will fairly and adequately represent the class. To date counsel for plaintiffs has evidenced a diligence in his efforts and a responsiveness to the Court which is of the highest professional caliber. The Court has no reservation whatsoever that he will continue to do so and that he will assure fair representation of all parties ultimately found to be members of the class.

In considering the discussion in *La Mar* pertaining to Fed.R.Civ.P. 23(b) this Court reiterates that it is in complete accord with the reasoning respecting Rule 23(b)(1)(A & B) and 23(b)(2). And while a differing decision is reached regarding the suitability of maintaining a class action under Rule 23(b)(3) in the instant case, the underlying rationale of *La Mar* with respect to this rule is nonetheless fully accepted. A further discussion of Rule 23(b)(3) will serve to demonstrate the analysis which leads to this conclusion.

In considering the applicability of Fed.R.Civ.P. 23(b)(3) to the facts of *La Mar* the Court of Appeals emphasized that Rule 23(b)(3)(A, B, C & D) provided the pertinent considerations. The Court found that the facts of that case indicated that a class action "was inferior to other available methods for fair and efficient adjudication of the controversy," *La Mar, supra* at 467. Further, the Court provided that the resolution of the certification issue should be based on a restricted interpretation of Fed.R.Civ.P. 23 to "avoid the intractable problems of massive class actions and to maintain a wholesome degree of difference between the judicial and administrative functions," *La Mar, supra* at 468. It is quite clear that in appraising the foreseeable administrative burdens of an action by potentially thirty-three thousand class members against all the licensed pawnbrokers in the State, the Court was compelled to find that there would be insurmountable "difficulties likely to be encountered in the managements of a class action," Fed.R.Civ.P. 23(b)(3)(D).

■ After having carefully evaluated the pertinent considerations as set forth in Fed.R.Civ.P. 23(b)(3)(A, B, C & D) this Court is persuaded that the certification of a class under Rule 23(b)(3) is proper in the instant case. First, in considering the interest of the class members to individually control the prosecution of their action it is believed that the nature and extent of the injury for which redress is sought is of overriding significance.[7] In the present case, the relatively minor injury sustained considered together with the sole question of the class action seeks to resolve—the negligence of defendants—indicates that a collective prosecution is preferable to individual suits: Fed.R.Civ.P. 23(b)(3)(A).

The second consideration pertains to the extent and nature of the litigation commenced elsewhere at the time the class action is to be certified: Fed.R.Civ.P. 23(b)(3)(B). So far as this Court is aware, there have been only two suits brought involving the operative facts of the present case. It is the Court's understanding that the first of these was brought by Paul Paonessa and his wife, Anne, which resulted in a settlement of $130.00.[8] The second suit was instituted by Kenneth Waterman and his wife, Dorothy, which at the present time has been transferred to this Court pending the outcome of the class action litigation.[9] The Court finds that the scarcity of individually instituted suits

---

**7.** Most of the cases cited by defendants in support of their position contra class certification which discuss the propriety of class actions arising out of mass accidents involve airplane crashes. The inherent complexities of establishing liability and the dimension of the damage question in cases involving death and serious bodily injury provide ample reason for the survivors or next-of-kin in such cases to individually pursue their cause of action. For example defendant has cited *Palas v. Trans World Airways, Inc. et al.*, 75 Civ. 209 (S.D.N.Y.1975), where this conclusion was expressly reached.

**8.** *Paonessa v. Marfuerza Compania Maritima S.A.*, Philadelphia County Court of Common Pleas, July Term, 1974, No. 561.

**9.** There were actually two actions filed by the Watermans (1) *Waterman v. Chandris America Lines, Inc.*, C.A. 74–1428 (E.D.Pa.1974) and (2) *Waterman v. Marfuerza Compania Maritima, S.A.*, C.A. 74–1488 (E.D.Pa.1974). Judge Fogel consolidated these cases and transferred them to this Court by order dated April 15, 1975, Document # 11 in Civil No. 74–1428 (E.D.Pa. filed April 16, 1975).

indicates that in this respect there are no significant barriers to class certification in the instant case.[10]

As to the third consideration, the desirability of concentrating the litigation in one forum, the Court observes that a decided majority of the potential class members are from Pennsylvania, New Jersey, Maryland and Virginia. On this basis there is nothing apparent to the Court which suggests that the action should not be maintained in this forum: Fed.R.Civ.P. 23(b)(3)(C).

Finally, as to the fourth consideration, plaintiffs estimate that approximately two hundred out of the six hundred passengers will comprise the class. This is not a potential class which is so massive that will likely result in intractable problems of management nor would it affect the maintenance of a wholesome degree of difference between the judicial and administrative functions: Fed.R.Civ.P. 23(b)(3)(D).

On the basis of the foregoing discussion, the Court finds the facts of the instant case justify class certification pursuant to Fed.R.Civ.P. 23(b)(3).[11] Moreover, it is believed that this finding is reconcilable with the decisions in McDonnell and, more particularly, La Mar such that seeking a writ of manda-

mus is an unwarranted procedure at this time. Furthermore, the Court has examined the circumstances attendant the issuance of the writ of mandamus in McDonnell and believes there is added reason to distinguish it.

In McDonnell, supra at 1085, there is a specific rejection of the holding in Petition of Gabel, 350 F.Supp. 624 (C.D.1972) [hereinafter Gabel]. Gabel was concerned with a class action based upon a mass accident (airplane crash). In that case the Court sent out notices to potential plaintiffs prior to certifying a class. It seems as though the Court had conducted a study of the prosecution of airplane disaster cases; and with a view toward eliminating the tremendous burden of time, money and energy it found was expended in such cases, the Court deemed it appropriate and within its equitable powers to notify prospective plaintiff of the pending suit.[12] It is clear, however, that a district court does not possess the authority to provide such notice without properly certifying a class action: Pan Am World Airways, Inc. v. United States District Court, 523 F.2d 1073 (9th Cir. 1975) [hereinafter Pan Am].[13]

It is interesting to note that Pan Am was another lawsuit involving an air-

---

**10.** It is believed that there is a dependent relationship between this consideration and Fed.R.Civ.P. 23(b)(3)(A). That is, the fact that there are a dearth of other suits pending tends to show that potential class members do not have a great interest in the individual prosecution of their causes of action. Those cases which find that individual lawsuits are superior are usually beset with a number of pending lawsuits at the time the class is sought to be certified.

**11.** In support of their position contra certification under Fed.R.Civ.P. 23(b)(3) defendants cite Daye v. Commonwealth of Pennsylvania, 344 F.Supp. 1337 (E.D.Pa.1972). This suit arose out of a bus accident wherein a chartered bus carrying a group of school age children and their counselors skidded on the roadway and crashed over an embankment. The accident resulted in the death of seven children and serious injury to another forty-seven. Aside from the previously noted objections to class actions in cases of this nature, i. e., preference for individual prosecution of the cause

of action and number of already pending suits, two additional factors were noted which further distinguishes its relevancy to the present controversy. First, Judge Troutman found that with the exception of Hubert Daye, the bus driver, the representative plaintiffs (Tedesco Bus Company, Frank Tedesco, and Academy Charter Service, Inc.) were in no way representative of the class of injured passengers. Daye, supra at 1342. Second, the court observed that since the bus company was itself being sued as a result of the accident, the bus company had interests antagonistic to the class which precluded fair and adequate representation. Daye, supra at 1343.

**12.** Petition of Gabel, 350 F.Supp. 624, 627 n. 4 (C.D.Calif.1972). Subsequent to taking this action the court certified a class action pursuant to Fed.R.Civ.P. 23(b)(1)(A), (B) and 23(b)(2), Gabel, supra at 630.

**13.** McDonnell and Pan Am are based on the same mass accidents.

**406**

plane crash, and although unrelated to *Gabel*, was before the same district court judge. In *Pan Am* the district court, again, indicated its intention to notify prospective plaintiffs of the suit prior to certifying a class. A writ of mandamus was sought on this action and the Court of Appeals held that such notice was clearly outside the district court's authority and issued the writ, *Pan Am, supra* at 1077–82.

Thereafter, while the notice question in *Pan Am* was under consideration by the Court of Appeals, the very same district judge in the McDonnell case certified a class pursuant to Fed.R.Civ.P. 23(b)(1)(A), (B) and 23(b)(2). The Court of Appeals stated:

> While erroneous class action certifications may rarely be corrected by mandamus, *General Motors Corp. v. City of New York*, 501 F.2d 639, 648 (2nd Cir. 1974); *Interpace Corp. v. City of Philadelphia*, 438 F.2d 401, 403–04 (3rd Cir. 1971), the certification in this case constitutes a clear abuse of discretion sufficient to invoke this extraordinary writ . . . *McDonnell, supra* at 1087.

Implicit from the actions of the district court in *Gabel, Pan Am* and *McDonnell* is a clear indication of an intention to circumvent the requirements of Rule 23.

In the instant situation the Court has given careful consideration to the question of certifying the class. For reasons stated earlier it believes it correctly decided in favor of certifying the class even though many cases have rejected the class action in a mass tort situation. To some extent guidance was found in the proposition that an erroneously certified class is always subject to reconsideration or modification if facts become evident which require such action: Wright & Miller, *Federal Practice and Procedure*: Civil § 1785. And, more importantly, as stated in *Yandle v. PPG Industries, Inc.*, 65 F.R.D. 566, 569 (E.D.Texas 1974):

> There are situations where the class action device may properly be used in

mass accident cases, at least for the common questions that will apply to each class member equally. Thus, in *Hernandez v. Motor Vessel Skyward*, 61 F.R.D. 558 (S.D.Fla.1973), the Court utilized it to try a single issue only: Whether the defendant was negligent in preparing the food and water that caused the passengers on the M/V SKYWARD to become ill.

The Court views the circumstances of the present situation as the exception which proves the rule that generally mass accidents are not the basis of a class action.

In no event, however, does the Court believe that the certification could be found to be an error of such magnitude as to justify the issuance of a writ of mandamus. Although the Court would be disinclined to grant the temporary stay on this basis, the exercise of judicial restraint in these circumstances requires a contrary ruling. Accordingly, a temporary stay will be granted.