118 N.J. Super. 369 (1972)
287 A.2d 736
LOUIS LUSKY, ET AL. PLAINTIFFS-APPELLANTS,
v.
CAPASSO BROTHERS, A PARTNERSHIP, AND FRANK CAPASSO AND GERALD F. CAPASSO, PARTNERS, DOING BUSINESS AS CAPASSO BROTHERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1972.
Decided February 23, 1972.
*370 Before Judges LEWIS, HALPERN and LORA.
*371 Mr. Donald Horowitz argued the cause for appellants (Messrs. Cummins, Cummins, Dunn, Horowitz, Rosner and Pashman, attorneys).
Mr. Alfred De Cotiis argued the cause for respondents (Messrs. Van Riper, Belmont and Villanueva, attorneys; Mr. Adrian I. Karp, on the brief).
PER CURIAM.
Plaintiffs, 60 in number, appeal from an order denying their motion to maintain their action as a class action. While said order is interlocutory in nature, if leave to appeal had been sought, such leave would in all probability have been granted, and we would have elected to consider the merits of the appeal and decided it simultaneously with the motion for leave to appeal. R. 2:11-2. Hence leave to appeal in accordance with plaintiffs' alternative request is granted nunc pro tunc and we are disposing of the matter on the merits. Adams v. Adams, 53 N.J. Super. 424, 429 (App. Div. 1959), certif. den. 30 N.J. 151 (1959); R. 2:2-4.
On February 13, 1968 defendants and the Village of Ridgewood entered into a license agreement which granted to defendant-partnership a three-year exclusive privilege of removing garbage within the village. Pursuant to the aforementioned license agreement defendants entered into individual agreements with the named plaintiffs and virtually all of the 7,000 homeowners, residents, property owners and operators of business establishments in the village for various garbage removal services.
The complaint sounds both in contract and tort alleging breach of the license and individual agreements with plaintiffs and other members of the proposed class, and wrongful conduct in coercing and attempting to coerce full payment for services not rendered, as well as for the wrongful discontinuance of garbage collection services.
The requirements for maintaining a class action are set forth in R. 4:32-1, the source of which is the 1966 amendment *372 of the corresponding federal rule. First, since approximately 7,000 potential members of the class may be involved, there is little dispute that the class is so numerous that joinder of all members is impracticable. This criterion will be met even if there are variances in the extent of the breaches or if, as defendants contend, there are many of the 7,000 agreements which were not breached.
Second, in view of the fact that plaintiffs' claims are grounded essentially in the contractual relationships which arose from the aforementioned license and individual agreements, there are questions of law and fact common to the class even though some variances exist in the virtually identical agreements which, among other things, designate a specific place on a particular property from which the garbage will be removed, the rate charged varying accordingly, e.g., for removal from the rear yard, from the interior of the premises, etc. None of the plaintiffs or other members of the class "negotiated" individually with defendants for garbage collection services, but they merely engaged and contracted with them pursuant to the license agreement and under the terms thereof. The basic legal issue is the same for each member of the class, that is, whether defendants are entitled to demand, collect or retain payments for services they allegedly did not perform.
Third, it is evident that the claims of the representative parties are typical of the claims of the class; and, fourth, that the representative parties will fairly and adequately protect the interests of the class.
In addition to the prerequisites of R. 4:32-1(a) discussed above, a class action is maintainable only if one of the additional requirements of R. 4:32-1(b) is met. Since only subsection (b)(3) is applicable to this case, the court must find that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. It is apparent from the number of potential litigants that a single class action would be *373 a superior form of litigation to the multiple small claims action to which the members of the proposed class would be relegated.
Additionally, a class action would not tend to discourage an adjudication as to the members' rights by fractionalizing their claims to a point which would make individual litigation impracticable. See Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 560 (2 Cir.1968). Although the computation of damages among the members of the class would differ, this factor alone is not sufficient in itself to justify dismissal of a class action. Id. at 566. Nor is such dismissal warranted because there may be or are a number of individual agreements that were not breached by defendants.
Finally, the underlying contractual claims of the members being the foundation of this action, questions of law or fact relating thereto predominate over any other claims advanced by individual segments of the proposed class or the tort claims of the sub-class or classes in the second, third and fourth counts of the complaint. Then, too, if any class members seek compensation for items of special damage or damages in tort, they will, of course, be required to prove such damages, such procedure being contemplated by R. 4:32-2(d).
The class action rule should be liberally construed, and such an action should be permitted unless there is a clear showing that it is inappropriate or improper. See Comment to R. 4:32; Eisen v. Carlisle & Jacquelin, supra. In re Antibiotic Antitrust Actions, 333 F. Supp. 267 (S.D.N.Y. 1971); American Trading & Production Corp. v. Fischbach & Moore, Inc., 47 F.R.D. 155 (N.D.E.D. Ill. 1969); Kugler v. Romain, 58 N.J. 522 (1971); Crescent Park Tenants Ass'n. v. Realty Equity Corp., 58 N.J. 98 (1971). No such showing has been made herein.
The order below denying maintenance of this action as a class action is reversed, and the matter is remanded for further proceedings as a class action in accordance with the Rules.