151 N.J. Super. 524 (1977)
377 A.2d 702
NICHOLAS FIORE, PLAINTIFF-APPELLANT,
v.
HUDSON COUNTY EMPLOYEES PENSION COMMISSION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 14, 1977.
Decided July 13, 1977.
*525 Before Judges LYNCH, MILMED and ANTELL.
Mr. Gerald D. Miller argued the cause for appellant (Messrs. Miller, Hochman, Meyerson & Schaeffer, attorneys).
Mr. Walter J. Greenhalgh, Assistant County Counsel, argued the cause for respondent (Mr. Harold J. Ruvoldt, Jr., Hudson County Counsel, attorney; Mr. Francis P. Morley, Assistant County Counsel, on the brief).
The opinion of the court was delivered by LYNCH, P.J.A.D.
Plaintiff appeals from denial of his motion for an order determining the maintainability of this litigation as a class action pursuant to R. 4:32-1 et seq.
Plaintiff filed a complaint on behalf of himself and all others similarly situated against defendant Hudson County *526 Employees Pension Commission alleging that defendant illegally made deductions from pension payments to plaintiff and other pensioners similarly situated, too numerous to be joined in the litigation. Defendant's answer alleged, among other things, that the action was not maintainable as a class action.
Shortly thereafter plaintiff filed a motion for an order determining the maintainability of the suit as a class action and defendant countered with a motion for summary judgment in its favor. The trial judge denied plaintiff's motion, granted that of defendant, and dismissed the complaint. In a letter opinion the judge based his decision on the fact that of the 413 persons from whose pensions the deductions had been made, plaintiff was the only one who filed a claim with the Commission with respect to those deductions. The court cited Kronisch v. Howard Savings Institution, 133 N.J. Super. 124 (Ch. Div. 1975), rev'd in part and remanded 143 N.J. Super. 423 (App. Div. 1976), and R. 4:32-1(a)(3) in support of its proposition that there must be "claimants" other than a single plaintiff in order to maintain a class action.
In the first place, in Kronisch there was no showing that there were "claimants" other than those instituting the action. Myron and Sheila Kronisch, jointly liable on a single mortgage, were the only representatives of that subclass of mortgagors whose mortgage was guaranteed by the United States of America under the Servicemen's Readjustment Act. Similarly, the only other named plaintiffs in that suit, Harold and Veraian Chambers, jointly liable on a single mortgage, were the only representatives of a subclass of mortgagors whose mortgage was federally guaranteed under the National Housing Act. In the Kronisch case, as herein, only a single claim was to represent an entire subclass (here a class).
In the second place, the question of maintainability of a class action is governed by R. 4:32-1 et seq. and nowhere in the rule is there a requirement that such other claimants *527 must be shown to have filed a claim. Specifically, what is involved here is the "typicalness" of a projected class action. R. 4:32-1(a)(3). In 3B Moore's Federal Practice (2 ed. 1976), ¶ 23.06-2 at 23-327, it is said:
"Typicalness" is not a subjective test, authorizing a judge to dismiss a class action based on a substantial legal claim where he thinks some members of the class may prefer to leave the violation of their rights unremedied.
In Norwalk CORE v. Norwalk Redevelopment Agency, 395 F.2d 920 (2 Cir.1968), the named plaintiff was attempting to litigate as a representative of all blacks and Puerto Ricans who had suffered discrimination as a result of the conduct of defendant which forced their displacement from their communities and failed to take adequate measures to relocate them in accordance with the agency's guidelines. In ruling that plaintiff was entitled to proceed as the representative of the named class, the court noted (at 937): "The fact that some members of the class were personally satisfied with the defendants' relocation efforts is irrelevant." The only thing of significance to the court was that pursuant to the relocation guidelines, on which plaintiff's case rested, all potential plaintiffs did have a right to make a claim, whether they so chose or not. Plaintiff's claim was typical of those potential claims. If, as Norwalk holds, maintenance of a class action is not hindered by the fact that some members of the class did not choose to sue because they did not think any of their rights had been violated, why should it matter in this litigation that other recipients of pensions have not sued to enforce their rights when the reason for their inaction is unknown?
Similarly, in Snyder v. Board of Trustees, Univ. of Illinois, 286 F. Supp. 927 (N.D. Ill., E.D. 1968), a named plaintiff brought suit on behalf of all students and faculty of the University to protest the University's allegedly unconstitutional action in compliance with a state act which required all potential campus speakers and the organizations *528 sponsoring their appearance to file affidavits which gave assurances that the speech would not be subversive. In ruling that the litigation was properly instituted as a class action, the court said:
It is immaterial that some members of the student body at the University of Illinois, or that some members of the faculty, may not approve of the maintenance of this lawsuit. The constitutionality vel non of the Clabaugh Act has been called into question in an actual controversy between the named plaintiffs and the defendants. Resolution of this issue will, as a practical matter, be dispositive of the rights of all other members of the class, whether or not they approve of maintenance of this suit. [at 931]
In addition to the grounds asserted by the trial judge in support of his decision, defendant now argues that some members of the class may be affirmatively opposed to the projected litigation because it might lead to a judicial determination that the deductions were legal. Defendant would then be free to reinstitute these deductions for the entire class who would all be bound by the class action decision. This is no obstacle to the prosecution of the action as a class action, for any individual who does not wish to be represented in the litigation can always "opt out" of the class. R. 4:32-2(b); Olive v. Graceland Sales Corp., 61 N.J. 182, 190 (1972).
Defendant also contends that if plaintiff's claim is "typical" of other members of the class, there is no common question of law or fact because some of the members of the class may have waived whatever rights they had and there may be other variations of position among the members of the class. There is no merit in this argument. All questions of law and fact need not be identical among all members of the class. Common questions must simply predominate. R. 4:32-1(b) (3); Lusky v. Capasso Brothers, 118 N.J. Super. 369, 372 (App. Div.), certif. den. 60 N.J. 466 (1972). In any event plaintiff's case herein will rely upon a question of law common to all members of the class, namely, interpretation of the pension statute, N.J. *529 S.A. 43:10-5 (repealed by L. 1973, c. 345, § 14, eff. December 27, 1973). It is true that possibly different factual questions may come into play when the defense of waiver or other defenses are raised as against individual members of the class. This is not a bar to maintainability of the action as a class action. Thus, in Branch v. White, 99 N.J. Super. 295, 309 (App. Div.), certif. den. 51 N.J. 464 (1968), plaintiffs, in a class action suit, sought to enforce their rights in a pension plan. This court said:
The mere fact that in defense of the action (laches, estoppel, etc.) different factual situations may arise with respect to the defenses as to different plaintiffs does not derogate from the fact that the affirmative cause of action itself has the community of interests and of questions of law or fact which justify the class action concept. We conclude that a proper class action was brought by plaintiffs insofar as any argument contra has been made by defendants or stated by the trial court. [at 310]
The order of the trial judge denying plaintiff's motion for certification of this action as a class is reversed. However, the judge is directed to conduct a hearing to establish that plaintiff's action complies with all other provisions of the governing rule, namely, R. 4:32-1 et seq. We do not retain jurisdiction.