**John R. CLARKE, et al., Plaintiffs,**

v.

**ADVANCED PRIVATE NETWORKS, INC., et al., Defendants.**

**No. CV–N–95–00751–DWH.**

United States District Court, D. Nevada.

May 30, 1997.

Douglas A. Emerick, Beesley & Peck, Reno, NV, Howard G. Kristol, John C. Ertman, Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for Plaintiffs.

Richard L. Elmore, Hale, Lane, Peek, Dennison, Howard, Anderson & Pearl, Reno, NV, James P. Delphey, Charles L. Goldberg, Laura H. Roppe, San Diego, CA, for Defendant Advanced Private Networks.

James W. Hardesty, Hardesty & Bader, Reno, NV, for Defendants.

Christopher Hooper, Lionel Sawyer & Collins, Reno, NV, Raymond J. Kimbal, J. Joseph Bainton, Ross & Hardies, New York City, for Defendant Mid-Tennessee.

### ORDER

HAGEN, District Judge.

Before the court is the parties' joint motion (# 72) for class certification and approval of the proposed settlement. For the reasons set forth below, that motion is denied.

█ Plaintiffs (except for Harold B. Pickering) and many of the defendants, including Advanced Private Networks, Inc., and Mid–Tennessee Third Mobile Partnership, move jointly for conditional class certification and approval of a proposed settlement that would (1) establish a non opt-out class consisting of all of the several hundred purchasers of interests in *Mid–Tennessee Third Mobile Partnership* and (2) settle all of those purchasers' claims arising out of their purchase and ownership of those interests. The main feature [1] of the proposed settlement is the transformation of the partnership into a corporation, with each partner receiving shares of stock in the new corporation in exchange for their partnership interests. The class

---

1. The court does not attempt to offer a full synopsis of the proposed settlement.

members would release all claims for damages. The parties feel the corporate form will facilitate the acquisition of financing and the overall conduct of the entity's business affairs, allowing the currently foundering business to become profitable. The named plaintiffs are partnership interest owners who want to be the class representatives. Because the proposed settlement provides no opt-out right, the court finds the release of all claims provision to be inconsistent with due process, and approval of the settlement in its current form will be denied [2].

In a class action in which unnamed plaintiff class members are not permitted the opportunity to opt out, an unnamed plaintiff class member is not bound by that portion of a settlement which purports to preclude further claims for damages based on the same facts encompassed by the litigation. *See Brown v. Ticor Title Insurance Company,* 982 F.2d 386 (9th Cir.1992), *cert. granted in part by Ticor Title Insurance Co. v. Brown,* 510 U.S. 810, 114 S.Ct. 56, 126 L.Ed.2d 26 (1993), and *cert. dismissed as improvidently granted by Ticor Title Insurance Co. v. Brown,* 511 U.S. 117, 114 S.Ct. 1359, 128 L.Ed.2d 33 (1994). Because under *Brown* the provision of the proposed settlement purporting to release all claims is unsound as a matter of law, the court finds the proposed settlement is not fair, adequate and reasonable.

An examination of the complaint in this matter reveals that this suit was brought under federal securities law for compensatory and punitive damages (claims I through XII), and incidental equitable relief (claims XIII through XVI). The proposed settlement calls for establishment of an F.R.C.P 23(b)(1) class. If the class were certified under 23(b)(1), no class member could opt out. Pursuant to the terms of the settlement agreement, each class member would be barred from pursuing their damage claims against defendants.

The parties to the settlement contend certification under 23(b)(1), rather than 23(b)(3), is necessary, because to allow any partner to opt out would frustrate the essential terms of the settlement. The court understands that where a structural solution such as the one proposed here is imposed, it would be senseless to allow an opt out because such an adjudication [3] would, as a practical matter, be dispositive of the interests of other members not parties. *See* F.R.C.P. 23(b)(1)(B). However, that is not to say that opt out would be senseless as far as the damages claims are concerned. In fact, if the motion for class certification had been brought before the settlement had been reached, the court may very well have certified two classes: a 23(b)(3) class for the damages claims (with opt-out rights provided) and a no opt-out class for the claims for injunctive relief. The fact that the parties have negotiated an agreement whereby plaintiffs release their damages claims in exchange for defendants' concessions regarding the transformation of the partnership into a corporation and other matters does not transform the original damages claims into claims for injunctive relief. While the court acknowledges that certification of an opt-out class would deny defendants the peace they desire, it does not follow that this lawsuit is other than a suit for damages as to which 23(b)(3) certification is appropriate and indeed necessary.

At the February 19, 1997 hearing, the court previously put the parties on notice that it discerned a due process problem with the proposed certification of the class under 23(b)(1), because the settlement would extinguish all damages claims. *See* # 87 ("The Court notifies the parties of the following problems ... The settlement ... refers to certification of a 23(b)(1) mandatory no opt-out class and also contains a release of all claims [4] ... If the class members are to be

---

2. The court does not here address whether the proposed settlement is otherwise fair, adequate and reasonable.

3. To the extent the terms of a judicially-approved settlement are incorporated into an order of judgment, those terms are part of an adjudication.

4. The minute order refers to a "release of all claims by all the defendants." As the following two sentences make clear, this is an error; the sentence should read, "release of all claims by each member of the plaintiffs' class"; the minute order (# 87) is hereby amended to so read.

held to have released all claims and the settlement doesn't appear to provide anything to them in response to the claims for damages, then as a matter of due process, they should have the opt-out ability under 23(b)(3).") The court invited the parties to address that concern and other explicitly enumerated concerns at the next scheduled hearing, which occurred on April 24, 1997.

At the hearing, the parties briefly addressed this point. One argument made by Mr. Kimball in favor of a non opt-out class was that because the partnership[5] had a limited pool of funds available to pay damages claims, a non opt-out class was necessary and desirable to protect the interests of class members, who might otherwise be left with uncollectible judgments. While this scenario arguably falls within the language of 23(b)(1)(B), *see* Advisory Committee Notes to the 1966 amendments to Rule 23(b)(1)(B) (a 23(b)(1)(B) class may be appropriate where claims are made by numerous persons against a fund insufficient to satisfy all claims), the rule contemplates that where such a class is utilized, it will be utilized for the purpose of "settl[ing] the validity of the claims as a whole ... followed by separate proof of the amount of each valid claim *and proportionate distribution of the fund.*" (Emphasis supplied). *Id.* Thus, the rule contemplates that each class member will receive a fair distribution from a limited fund[6]. Here, not only have the parties failed to meet their burden[7] of proving that the "fund" is indeed limited, but they seek to use the device of a 23(b)(1)(B) limited fund class to avoid any monetary payment of claims whatsoever. This is not the intent of the rule[8], and it falls afoul of *Brown*'s due process requirements.

Counsel cites *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335 (9th Cir.1976), for the proposition that "[i]n cases where both (b)(1) and (b)(3) apply, (b)(1) is held to govern to avoid the multiplicity of suits[9]." *Id.*, at 1340 (internal citations omitted). As discussed herein, the court finds that 23(b)(1) does not apply in this case. Furthermore, in light of *Brown*'s due process holding, the cited proposition is no longer viable in this circuit.

Although Mr. Kristol represented to the court at the April 24, 1997 hearing that the "principal purpose" of this lawsuit was the conversion of the partnership into a corporation, the complaint is a complaint for damages for fraudulent violations of the securities laws. While the complaint incidentally seeks to enjoin interference with partnership management, diversion of partnership assets, and a turn-over order, damages quite plainly is the primary relief sought. And as defendant APN points out in its May 7, 1997 submission (# 100), "[it] and the other Settling Defendants desire this settlement to extinguish all potential liabilities. ...." Thus, avoidance of potential future liability for damages is a key feature of the proposed settlement, something not possible with the establishment of an "opt-out" F.R.Civ. P. 23(b)(3) class of several hundred holders of partnership interests.

---

**5.** The ability of the other defendants to pay money judgments was not addressed at this point at . the hearing. There is insufficient evidence before the court to ascertain the ability of any of the defendants to pay money damages.

**6.** The *Brown* court did not address the issue whether the use of a no opt-out limited fund class to equitably distribute funds once liability was established would pose a due process problem.

**7.** *See In re Northern District of California Dalkon Shield IUD Products Liability Litigation*, 693 F.2d 847, 851–52 (9th Cir.1982), *cert. denied*, 459 U.S. 1171, 103 S.Ct. 817, 74 L.Ed.2d 1015 (1983) (error to certify a limited fund punitive damages class without hearing evidence of defendant's net worth, earnings or available insurance coverage and establishing "as a fact" that defendant's as-

sets were too limited to permit conventional litigation).

**8.** *See McDonnell–Douglas Corp. v. U.S. Dist. Ct., C.D. of Cal.*, 523 F.2d 1083, 1086 (9th Cir.1975), *cert. denied*, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976) (subdivision (b)(1)(B) is concerned only with the rights of unnamed class members, not with the rights of parties opposing the class).

**9.** In *Green*, the district court had certified the class of securities fraud plaintiffs under both 23(b)(1) and 23(b)(3). The circuit court, observing that ordinarily suits for damages do not fall within 23(b)(1), held it was improper to certify the class under 23(b)(1), and vacated that portion of the certification. *Id.*, at 1340 n. 9, 10 and accompanying text.

No class action may be compromised or settled without the court's approval. F.R.C.P. 23(e). In evaluating a proposed class settlement, the court is obliged to determine whether the settlement is fair, adequate, and reasonable. The court finds the settlement inadequate. The proposed settlement cannot, in its present form, accomplish what it purports to accomplish: extinguish the defendants' liability to the unnamed class members for damages. *See Brown*, 982 F.2d 386. Because the law of this circuit renders that key provision of the proposed settlement ineffective, and the court has no authority to render a void judgment, the court cannot approve it.

Because this court must follow *Brown*, conditional certification of a class under Rule 23(b)(1) in this case would be an empty exercise, as it also would be to entertain a fairness hearing on such a proposed settlement.

For the foregoing reasons, **IT IS ORDERED THAT** the joint motion to certify (# 72) is *DENIED*. The parties shall attend a telephonic status conference at 11 a.m. Fri. June 6, 1997 at which they shall inform the court as to whether the stay on the pending motions to dismiss shall be extended in order to facilitate further settlement negotiations. Each party, immediately upon receipt of this notice, shall contact Donna Casey, courtroom deputy for Judge Hagen, at (702)686–5829, and provide the telephone number at which they can be reached.

**IT IS SO ORDERED.**

