STATE OF MAINE                                         SUPERIOR COURT
CUMBERLAND, ss.                                        CIVIL ACTION
                                                       DOCKET NO. CV-04-612



ROBERT EVEREST,

                    Plaintiff

          v.                                           ORDER ON PLAINTIFF'S
                                                       MOTION TO CERTIFY
                                                       CLASS

LEVITON MANUFACTURING

COMPANY.,

                    Defendant


Before the Court is Plaintiff Robert Everest's ("Plaintiff") motion pursuant

to M.R. Civ. P. 23 to certify this case as a class action with the following class:

> Every person who purchased a push-in termination electrical wall
> receptacle ("push-in receptacle"), manufactured by Leviton
> Manufacturing Co., Inc. ("Leviton") from Leviton or a retailer, or
> by virtue of purchasing a property already containing a push-in
> receptacle, and who still owns the push-in receptacle, which is
> installed utilizing the push-in termination in a residence in the
> State of Maine. Specifically excluded from the Class are those
> consumers who have sustained personal injury and/or property
> damages (other than damage to the receptacle and/or wire-
> insulation in the vicinity of the receptacle termination) as a result of
> Defendant's practices; Defendant; any entity in which Defendant
> has a controlling interest; and any of Defendant's subsidiaries,
> affiliates, and officers, directors, employees and agents.

(Pl.'s Rep. Br. at 6.)

## BACKGROUND

The background facts underlying the present suit were summarized in a

January 13, 2006 order of this Court (Crowley, J.) on Defendant Leviton

1

Manufacturing Company's ("Leviton") motion to dismiss. Those facts are replicated below.

> [Leviton] manufactures backwire push-in electrical receptacles, the main part of what are commonly called electrical outlets. Plaintiff . . . asserts that he owns "one or more" backwire push-in receptacles manufactured by Leviton. He claims that, since no later than 1989, [Leviton] has known or should have known that backwire push-in receptacles fundamentally and unreasonably pose a significant risk of danger, including "arcing" and risk of fire, and that they pose an even greater risk if one attempts to reuse them after an initial installation. He claims that notwithstanding [Leviton]'s knowledge of the dangerous defects inherent in these receptacles, it has failed to inform consumers thereof. He claims that [Leviton] continues to market these receptacles, concealing their defects in its sales and promotional materials, because it knows that electricians and consumers often may want the perceived ease and speed with which these receptacles can be installed.
>
> Plaintiff has brought this suit as a class action on behalf of himself and all other consumers in Maine who have purchased [Leviton]'s backwire push-in receptacles, but who have not sustained personal injury or property damage other than damage to the receptacle itself and any wire or insulation in the vicinity of the receptacle.

*Everest v. Leviton Mfg. Co.*, 2006 Me. Super. LEXIS 12, *2-*3 (January 12, 2006).

## DISCUSSION

### I. M.R. Civ. P. 23 – General Standards for Class Certification

Under the Maine Rules of Civil Procedure, a class action suit may only be maintained if the following four elements are present:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

M.R. Civ. P. 23(a).

In addition to the elements stated above, the proposed class action must

satisfy one of the three prerequisites of M.R. Civ. P. 23(b). "The party seeking certification bears the burden of demonstrating under a 'strict burden of proof' that all of the requirements of Rule 23 are clearly met.[1]" *Millett v. Atlantic Richfield Co.* 2000 Me. Super. LEXIS 39, *17 (March 2, 2000) (citing *Rex v. Owens ex rel Okla.*, 585 F.2d 432, 435 (10th Cir. 1978)).

While the allegations of the complaint are to be taken as admitted for purposes of deciding whether a class should be certified, the Court "'certainly may look past the pleadings to determine whether the requirements of rule 23 have been met [when helpful to] . . . understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.'" *Id.* at *18-*19 (quoting *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996)).

## II. M.R. Civ. P. 23(a)

### A. M.R. Civ. P. 23(a)(1) - Numerosity

Under Rule 23(a)(1), Plaintiff must show that the class "is so numerous that joinder of all members is impracticable." M.R. Civ. P. 23(a)(1). This requirement is met because Leviton sold thousands of its push-in receptacles to consumers through distributors and retailers leading to thousands of potential class members.

### B. M.R. Civ. P. 23(a)(2) – Commonality

Next, Plaintiff must demonstrate that "there are questions of law or fact

---

[1] Though the burden of proof is described as "strict," the quantum of proof for class certification remains the familiar "preponderance of the evidence" standard. *See Karofsky v. Abbott Laboratories*, 1997 Me. Super. LEXIS 316, *12 (October 5, 1997).

common to this class." M.R. Civ. P. 23(a)(2). Leviton satisfies the commonality element as the claims of all class members arise from the same alleged conduct of Leviton.

### C. M.R. Civ. P. 23(a)(3) – Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." M.R. Civ. P. 23(a)(3). The typicality requirement is "'intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented.'" *Millett*, 2000 Me. Super. LEXIS at *24 (quoting *Baby Neal ex rel Kanter v. Casey*, 43 F.3d 48, 57 (3rd Cir. 1994)). The test for establishing typicality is not a demanding one. *Id.* at *25 (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)). The question of typicality is decided by whether the claims of all class members arise out of the same events and require the same legal arguments to establish liability. *Id.* (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2nd Cir. 1993)). The claims, however, do no need to be identical. *Id.*

Leviton argues essentially that invidualized issues in this case, such as reliance, causation, and the application of the statute of limitations, create a situation where Plaintiff cannot meet the typicality requirement. In fact, Leviton goes so far as to argue that "[g]iven the significant differences among the members of the proposed class . . . it may be impossible to find any person whose claim is 'typical' of the entire proposed class." (Def.'s Br. at 26.)

4

Leviton's argument against typicality is not convincing. Although Plaintiff comes before the Court with significant factual differences between his individual claim and the claims of other members of the proposed class, "all of them base their claims against [Leviton] on the same legal theories." *See Millett,* 2000 Me. Super. LEXIS at *26. Specifically, both Plaintiff and the proposed class members base their claims on allegations that Leviton's push-in receptacles contain the same inherent defect, that Leviton concealed this defect from consumers and that Leviton benefited financially from each of the proposed class members. These allegations are sufficient to render Plaintiff's claims "typical" of those of the proposed class within the meaning of M.R. Civ. P. 23(a)(3).

### D. M.R Civ. P. 23(a)(4) – Adequacy of Representation

Rule 23(a)(4) requires a party seeking class certification to show that "the representative parties will fairly and adequately protect the interests of the class." M.R. Civ. P. 23(a)(4). This element "requires a showing that 'class counsel is qualified, experienced and generally able to conduct the litigation' and that there is 'no conflict of interest between the named plaintiffs and other members of the plaintiff class.'" *Millett,* 2000 Me. Super. LEXIS at * 30 (quoting *Marisol A. ex rel Forbes v. Giuliani,* 126 F.3d 372, 378 (2nd Cir. 1997)). There is no dispute that Plaintiff's counsel are sufficiently experienced and qualified to conduct this litigation as a class action suit.

Leviton argues, however, that Plaintiff himself cannot "fairly and adequately protect the interests of the class." Leviton presents two lines of argument in support of this contention. First, Leviton alleges that Plaintiff lacks

5

sufficient personal knowledge of the nature of his claim and lacks sufficient personal involvement with the litigation to adequately represent his proposed class. This argument is without merit. While Leviton can cherry pick the record to find specific sections from Plaintiff's extensive deposition testimony in which he appears to lack total familiarity with his case, other portions of the record demonstrate that Plaintiff has a sufficient understanding of the case and a willingness to actively participate in its prosecution. In any event, personal knowledge of the intricacies of a case is not necessary to meet the requirements of Rule 23(a)(4). *See In re Workers' Compensation*, 130 F.R.D. 99, 108 (D. Minn. 1990). Rather, "[t]he question is: Will the representative parties put up a genuine fight?" *Id.* at 107. Plaintiff's conduct in pursuing this case over a significant period of time and his active participation in the discovery process has demonstrated that the answer to this question is yes. Therefore, Plaintiff satisfies the adequacy of representation element of M.R. Civ. P. 23(a)(4).

**III. M.R. Civ. P. 23(b)**

Though Plaintiff has established that he meets the criteria of M.R. Civ. P. 23(a) for class certification, he must also demonstrate that he satisfies one of the pre-requisites presented by M.R. Civ. P. 23(b). Plaintiff has elected to proceed pursuant to M.R. Civ. P. 23(b)(1) and M.R. Civ. P. 23(b)(3). Those rules provide that

> [a]n action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
> (A) inconsistent or varying adjudications with respect to

6

individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests, or

. . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### A. M.R. Civ. P. 23(b)(1)

Plaintiff does not argue that class certification is appropriate under M.R. Civ. P. 23(b)(1)(B). Rather, Plaintiff asserts that requiring each individual class member to bring a separate suit would carry the risk of "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for [Leviton]." *See* M.R. Civ. P. 23(b)(1)(A).

Plaintiff supports the applicability of Rule 23(b)(1)(A) to this case by arguing that "(b)(1) actions involve cases in which a defendant had the same obligation to all class members or all class members have claims against a common fund insufficient to satisfy all of their claims." *Risinger v. Concannon*, 201 F.R.D. 16, 23 (D. Me. 2001). Plaintiff argues that this case is one where Leviton had the same obligation to all class members, to design a safe product and to inform consumers of any dangers presented by the product. In addition, Plaintiff argues that adjudicating the issues presented by this case in different forums creates a risk that one jury could find Leviton liable while other juries might not,

subjecting Leviton to "incompatible standards of conduct."

Plaintiff's argument does not withstand scrutiny. As an initial matter, it is notable that "Rule 23(b)(1)(A) 'is designed to protect the interests of the party opposing the class.'" *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 354 (D.N.J. 1997) (quoting *Pruitt v. Allied Chem. Corp.*, 85 F.R.D. 100, 107 (E.D. Va. 1980)). Therefore, it is questionable whether a class action may be maintained under that rule where a party opposing the class, like Leviton in this case, does not seek its protection. *See Pruitt*, 85 F.R.D. at 106-07.

Even if Plaintiff could otherwise invoke Rule 23(b)(1)(A) to its benefit, however, it would not be appropriate on these facts. In a comparable Ninth Circuit case, the court held that "a judgment that defendants were liable to one plaintiff would not require action inconsistent with a judgment that they were not liable to another plaintiff. By paying the first judgment, defendants could act consistently with both judgments." *McDonnell Douglas Corp. v. United States Dist. Court for the Cent. Dist. Of Cal.*, 523 F.2d 1083, 1086 (9th Cir. 1975).

Similar to *McDonnell Douglas Corp.*, if separate lawsuits were required here and Leviton were held liable in some suits and not liable in others, it could simply compensate the defendants it is ruled liable to, and not compensate the other defendants. As recognized by the Ninth Circuit, by paying the first judgment, Leviton could act consistently with both judgments. As a result, Plaintiff fails to satisfy M.R. Civ. P. 23(b)(1)(A).

### B. M.R. Civ. P. 23(b)(3)

Although Plaintiff does not satisfy the requirements of M.R. Civ. P. 23(b)(1),

he may still maintain this suit as a class action if he is correct that the requirements of M.R. Civ. P. 23(b)(3) are satisfied. In order to certify a class pursuant to Rule 23(b)(3), the Court must find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." M.R. Civ. P. 23(b)(3). Factors pertinent to deciding this issue are

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
>
> (D) the difficulties likely to be encountered in the management of a class action.

M.R. Civ. P. 23(b)(3).

### 1. Predominance of Common Questions of Law or Fact

Although the predominance element of M.R. Civ. P. 23(b)(3) "is closely related to the commonality requirement in subdivision (a)(2) in that both require an inquiry into whether there are questions of law or fact common to the class . . . the predominance requirement is 'far more demanding' than the commonality requirement." *Millett*, 2000 Me. Super. LEXIS at *37-*38 (quoting *Amchem Product, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)). This is so because to satisfy the predominance element, Plaintiff must show that "common questions of law or fact *predominate* . . . [in that] 'common questions [are] central to all the claims.'"

*Id.* at *38 (quoting *Puerto Rico v. M/V Emily S*, 158 F.R.D. 9, 15 (D.P.R. 1994)). "'Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy.'" *Id.* at *39 (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)).

In deciding this issue, it is important to recognize that Plaintiff does not pursue his cause of action under a products liability or common law fraud theory. Rather, Plaintiff's complaint states a cause of action for violations of Maine's Unfair Trade Practices Act ("UTPA"), 5 M.R.S.A. §§ 205-A to 214, and for unjust enrichment. In order to determine whether common questions will predominate over individual ones, it is necessary to understand what Plaintiff will be required to prove at trial.

Under UTPA, "unfair or deceptive acts or practices in the conduct of any trade or commerce" are declared illegal. 5 M.R.S.A. § 207. UTPA does not contain a definition of "unfair" or "deceptive," but the Law Court has stated that "[t]o justify a finding of unfairness, the act or practice: (1) must cause, or be likely to cause, substantial injury to consumers; (2) that is not reasonably avoidable by consumers; and (3) that is not outweighed by any countervailing benefits to consumers or competition." *State v. Weinschenk*, 2005 ME 28, ¶ 16, 868 A.2d 200, 206.

In addition to his UTPA claim, Plaintiff proceeds under an unjust enrichment theory. To prevail on this claim, a complaining party must demonstrate that "(1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention

of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." *Me. Eye Care Assocs. P.A. v. Gorman*, 2006 ME 15, ¶ 26, 890 A.2d 707, 712 (quoting *Tucci v. City of Biddeford*, 2005 ME 7, ¶ 14, 864 A.2d 185, 189).

Based on an application of the elements listed above to the facts of the case as pled by Plaintiff, it is apparent that while there are many questions of law and fact common to all potential class members, those do not predominate over the individual issues.

One factor that complicates this case is that, at least for the most commonly sold receptacles at issue here, the person installing the Leviton receptacle had the option of using either the "push in" method, or the traditional "side wire" connection method. There is no allegation by Plaintiff that any problems result from installation using the side wire connection method. Therefore, a purchaser who bought Leviton's product with the intention of connecting by the side wire method would not have had any injury caused to him under UTPA, nor would he have conferred any benefit to Leviton under an unjust enrichment theory. *See Millett*, 2000 Super. LEXIS at *50 (noting that "[c]ausation is an individual issue which will have to be tried separately for each plaintiff in order for him or her to prevail . . . [under] the Unfair Trade Practices Act.")

Similarly, reliance is an element under both UTPA and unjust enrichment.[2]

---

[2] Under UTPA, a consumer must show that his injury was not "reasonably avoidable," while under an unjust enrichment theory a plaintiff must demonstrate that the defendant's acceptance of a benefit was under circumstances that make it inequitable for it to retain the benefit without compensating the plaintiff. In order to satisfy either element in the present case, each class member would need show that he relied on Leviton's alleged misrepresentations in deciding to purchase the Leviton receptacle. In the absence of such reliance, for example in a case where a class member bought the Leviton receptacle with full knowledge of

For each class member, it is necessary to determine what he or she knew at the time of purchase regarding the alleged defect in Leviton's product. Knowledge of the alleged dangers inherent in the product would necessarily defeat any claim under UTPA or under an unjust enrichment theory. This analysis, similar to that conducted in determining comparative negligence, is "an individual issue which will have to be addressed separately for each class member." *See id.* at *54 & n.30.

Because Plaintiff has failed to satisfy the predominance element of M.R. Civ. P. 23(b)(3), class certification is inappropriate.

### 2. Superiority and Convenient Administration

Even if Plaintiff could demonstrate predominance, his class certification would fail due to his inability to show "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." M.R. Civ. P. 23(b)(3). Under this element, the Court must "balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication" *Millett*, 2000 Me. Super. LEXIS at *66 (quoting *Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 627-28 (3rd Cir. 1996), *aff'd sub nom. Amchem Products, Inc. v. Windsor*, 521 U.S. 591, (1997)). Although a court "'should not decline to certify a class because it fears that insurmountable problems may later appear,' if the court finds ' that there are serious problems *now appearing*, it should not certify the class merely on the assurance of counsel that some solution will be found.'" *Id.* at *66-*67 (quoting *Windham v. American Brands, Inc.*, 565 F.2d 59, 70 (4th Cir. 1977)).

---

its alleged defect, any injury resulting from this purchase would have been "reasonably avoidable" and there would be nothing inequitable in Leviton's retention of benefits.

As in *Millett*, one of the "most persuasive reason[s] why the proposed class action is not the superior method for adjudication of this controversy is the same reason why this action cannot meet the predominance requirement. There are too many individualized issues . . . . " *Id.* at *67. The prospect of a series of mini-trials on the issues of reliance and causation among others, would prevent this case from being adjudicated in an efficient manner.

In addition, there is a significant difficulty presented in discovering who the members of the proposed class are. Importantly, there is no way in most cases to determine on brief inspection whether a Leviton receptacle is one that is the subject of this lawsuit or whether it is another model of receptacle. This is so because the only way to determine whether an individual owns a model of Leviton receptacle at issue in this case is to locate every Leviton receptacle in an individual's residence, unscrew it from the wall and look on the inside. Further, even if an individual knew which receptacles in his home were potentially covered by this suit, only those wired through the "push in" method, as opposed to the "side wire" method, are included within the class definition. Again, the only way to determine which method was used is to unscrew the receptacle from the wall and examine it.

By Plaintiff's own estimation, there are thousands of potential class member and each class member will likely have multiple Leviton outlets. Quite simply, the management of this litigation by the Court would be a monumental undertaking. While this fact alone may not warrant denying certification, together with the above listed complications, Plaintiff has failed to meet his

burden of demonstrating that a class action is superior to other methods of

adjudication.

The entry is:

Plaintiff's motion to certify class is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this 5ᵗʰ day of June, 2007.

Robert E. Crowley
Justice, Superior Court

14

RUSSELL PIERCE ESQ
PETER DETROY ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

JOHN AROMANDO ESQ
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101